UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SAMUEL R. WATSON, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. C-08-59 |
| | § | |
| TOWNES MAHAFFEY, *et al*, | § | |
| | § | |
| Defendants. | § | |

### **ORDER**

On this day came on to be considered the motion of Defendants Townes Mahaffey and American Bank, N.A., d/b/a American Bank (hereinafter, "American Bank") to dismiss the above-styled action pursuant to Federal Rule of Civil Procedure 12(b)(6), and in the alternative, for summary judgment on Plaintiffs Samuel Watson and Esther Watson's causes of action (D.E. 8). For the reasons set forth below, Defendants' motion for summary judgment is hereby GRANTED[1], and the Court DISMISSES all of Plaintiffs' claims against Defendants Townes Mahaffey and American Bank.

I.  **Jurisdiction**

This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

---

[1] Although Defendants style their motion as a motion to dismiss, and in the alternative, a motion for summary judgment, the Court treats Defendants' motion as a motion for summary judgment under Federal Rule of Civil Procedure 56. As set forth below, Defendants are entitled to summary judgment on all of Plaintiffs' claims, on the grounds that Defendants are immune from liability to Plaintiffs for complying with the IRS levy on Plaintiffs' property. Accordingly, the Court GRANTS Defendants' motion for summary judgment and dismisses all of Plaintiffs' causes of action.

- 1 -

II.     **Factual Background**

Plaintiffs are tax protestors who allege that they are not obligated to pay federal income taxes, on account of their understanding of various cases, statutes, and the United States Constitution.  (D.E. 1, Complaint, pp. 3, 8-14).  Plaintiffs did not pay their federal income taxes for the tax-years ending on December 31, 1996, December 31, 1997, December 31, 1998 and December 31, 1999.  (D.E. 1, Exh. A-1, Notice of Levy).  As of November, 2005, Plaintiffs' tax obligations for tax-years 1996-1999, including interest and penalties, totaled $235,535.16.  (Id.).  Plaintiffs continue to maintain that they are not obligated to pay these tax obligations. (Complaint, p. 1, alleging that "the IRS did not have the authority to tax [Plaintiffs'] income").[2]

On November 21, 2005, the Internal Revenue Service (hereinafter, "IRS") served a Notice of Levy on American Bank, in the amount of $235,535.16, for Plaintiffs' outstanding tax obligations.  (Notice of Levy).  American Bank sent a letter to Plaintiffs dated November 22, 2005, notifying Plaintiffs that American Bank had been served with the Notice of Levy.  (D.E. 1, Exh. A-2, November American Bank Letter).  The letter indicated that the levy required American Bank to place holds on certain of Plaintiffs' bank accounts, and that pursuant to the terms of the levy, American Bank must freeze the accounts for a period of 21 days.  (Id.).  The letter indicated that upon conclusion of the 21 day freeze period, unless Plaintiffs were to take appropriate legal action, American Bank would be required to remit the funds in the frozen accounts directly to the IRS.  (Id.).  The letter was signed by Townes Mahaffey, General Counsel of American Bank.  (Id.).

---

[2]There is no dispute over the amount of income earned or the IRS' specific calculation of Plaintiffs' tax obligations.  Rather, Plaintiffs claim that they are not liable to pay any federal income tax.  (Complaint, p. 1, "The Plaintiffs have been in a battle with the IRS for a number of years stating that ... they were not liable for income tax").

- 2 -

Plaintiffs responded to American Bank's November 22, 2005 letter, indicating their belief that the IRS levy was not valid because it "was not signed by a de jure judge of the Court." (D.E. 1, Exh. A-4, Watson Letter).[3]  Plaintiffs' letter also detailed various other arguments regarding the validity of the levy and the legal authority of the IRS.  (Id.).

In mid-December, 2005, American Bank notified Plaintiffs that following the expiration of the 21 day freeze period, American Bank complied with the levy served by the IRS. (D.E. 1, Exh. A-7 and D.E. 1, Exh. A-9, December American Bank Letters).  The bank surrendered approximately $15,000.00 to the IRS from Plaintiffs' bank accounts. (Id.).  Following payment of the levy, American Bank released the holds on Plaintiffs' accounts. (Id.).

## III.   Procedural Background

Plaintiffs, proceeding *pro se*, filed suit against Defendants Townes Mahaffey[4] and American Bank on February 25, 2008 (D.E. 1).  Liberally construing the *pro se* Plaintiffs' Complaint[5], it appears that Plaintiffs intended to bring the following claims against Defendants: (1) bank fraud in violation of 18 U.S.C. § 1344; (2) violations of Plaintiffs' rights under the Fourth and Fifth Amendments to the United States Constitution, under 42 U.S.C. §§ 1982 and 1983; (3) violation of 18 U.S.C. § 242; and (4) breach of fiduciary duty via Defendants' alleged failure to investigate the levy after receipt of Plaintiffs' letter disputing the levy's validity.  Plaintiffs also appear to allege a general claim that the IRS levy on Plaintiffs' bank accounts was

---

[3] As set forth below, this argument has no merit, as an administrative levy under Section 6331(a) of the Internal Revenue Code does not require a court order.

[4] Plaintiffs inexplicably claim that they are suing Townes Mahaffey, American Bank General Counsel, in his "Professional and Personal [C]apacity".  (Complaint, p. 1).

[5] See Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005) (citing Amin v. Univ. Life Ins. Co., 706 F.2d 638, 640 n. 1 (5th Cir. 1983)) ("pro se briefs are to be liberally construed").  The Court notes that Plaintiffs' complaint is unclear and difficult to follow.

improper, as there was no court order authorizing the IRS to levy the funds. Plaintiffs also allege a general claim that they are not under an obligation to pay federal income taxes.

On March 17, 2008, Defendants filed the motion to dismiss/motion for summary judgment that is currently before the Court. (D.E. 8). Defendants argue that American Bank acted properly and within the law in surrendering Plaintiffs' funds in compliance with the IRS levy, and that Defendants are not liable to Plaintiffs pursuant to 26 U.S.C. § 6332(e). Defendants argue that all of Plaintiffs' claims should be dismissed.

On April 7, 2008, Plaintiffs filed their response to Defendants' motion to dismiss/motion for summary judgment (D.E. 14).[6] Plaintiffs argue that they are not obligated to pay federal income taxes, on account of their reading of the Sixteenth Amendment to the United States Constitution, and based on their view that federal income taxes only apply to employees of the federal government. Plaintiffs also argue that the levy served on the IRS was not valid, because the IRS did not have a court order to seize Plaintiffs' funds.[7]

As set forth below, Plaintiffs' arguments do not have merit, and Defendants are entitled to summary judgment on all of Plaintiffs' causes of action.

---

[6]Plaintiffs had initially sought an extension of time to file their response. (D.E. 11). Plaintiffs' motion for enlargement of time was struck due to procedural difficulties (D.E. 12), and Plaintiffs then filed their response on April 7, 2008 (D.E. 13).

[7]Plaintiffs also appear to construe their response as their own "Motion to Dismiss and Summary Judgment [*sic*]." (D.E. 13, p. 1). It is not clear what Plaintiffs seek to dismiss, as Plaintiffs themselves brought the Complaint against Defendants in this case. Further, it is not clear that Plaintiffs actually seek summary judgment on their causes of action, as they submit no evidence and do not make any cogent arguments as to why they would be entitled to summary judgment on their claims. Regardless, to the extent Plaintiffs seek summary judgment on any of their claims, Plaintiffs' motion is DENIED, because Plaintiffs' claims are all dismissed as set forth in this Order.

IV.     **Discussion**

    A.     **Summary Judgment Standard**

Federal Rule of Civil Procedure 56 states that summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The substantive law identifies which facts are material. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ellison v. Software Spectrum, Inc., 85 F.3d 187, 189 (5th Cir. 1996). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; see also Judwin Props., Inc., v. U.S. Fire Ins. Co., 973 F.2d 432, 435 (5th Cir. 1992).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1046-1047 (5th Cir. 1996). If the nonmovant bears the burden of proof on a claim, the moving party may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. See Celotex Corp., 477 U.S. at 325; Ocean Energy II, Inc. v. Alexander & Alexander, Inc., 868 F.2d 740, 747 (5th Cir. 1989).

Once the moving party has carried its burden, the nonmovant "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also Schaefer v. Gulf Coast Reg'l Blood Ctr., 10 F.3d 327, 330 (5th Cir. 1994)

(stating that nonmoving party must "produce affirmative and specific facts" demonstrating a genuine issue).

When the parties have submitted evidence of conflicting facts, "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Willis, 61 F.3d at 315.  Summary judgment is not appropriate unless, viewing the evidence in the light most favorable to the nonmoving party, no reasonable jury could return a verdict for that party. See, e.g., Rubinstein v. Adm'rs of the Tulane Educ. Fund, 218 F.3d 392, 399 (5th Cir. 2000).

### B. Defendants are Entitled to Summary Judgment on Plaintiffs' Claims

As set forth below, the undisputed facts demonstrate that Defendants are immune from liability to Plaintiffs for surrendering the funds at issue to the government.  Because Defendants are immune from such liability under 26 U.S.C. § 6332(e), Defendants are entitled to summary judgment on all of Plaintiffs' causes of action.

#### 1. Section 6321 Lien on Property

Section 6321 of the Internal Revenue Code provides for an automatic lien on taxpayer property for unpaid taxes.  Section 6321 states as follows:

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C. § 6321.  Under this section, "[i]f an individual fails to meet his tax obligations after demand, a lien automatically arises on all of his property and rights to property." United States v. Jefferson-Pilot Life Ins. Co., 49 F.3d 1020, 1021 (4th Cir. 1995).  A lien under Section 6321 "continues until the [tax] obligation is satisfied." Id. (citing 26 U.S.C. § 6322).

A lien under 26 U.S.C. § 6321 "is merely a security interest and does not involve immediate seizure" of the property. In re Sills, 82 F.3d 111, 113-114 (5th Cir. 1996). The government must take further steps beyond the lien to recover on the tax deficiency. See id.; see also Am. Trust v. Am. Cmty. Mut. Ins. Co., 142 F.3d 920, 922-23 (6th Cir. 1998) (stating that the government has "several separate procedures through which it can recover the tax deficiency", including filing a lien-foreclosure suit or obtaining an administrative levy under Section 6331 of the Internal Revenue Code). The government has a "formidable arsenal of collection tools" to collect on the tax deficiency, so as "to ensure the prompt and certain enforcement of the tax laws in a system relying primarily on self-reporting." United States v. Rodgers, 461 U.S. 677, 683 (1983).

2. **Administrative Levy Under Section 6331(a)**

As set forth above, one of the tools the government can use to collect on a tax deficiency is an administrative levy under 26 U.S.C. § 6331(a).[8] See Jefferson-Pilot, 49 F.3d at 1021 (citing 26 U.S.C. § 6331(a)) (emphasis added) ("If the tax remains unpaid after notice and demand for payment, the Secretary of the Treasury may 'collect such tax ... *by levy upon all property and rights to property ... belonging to such persons*.'"); In re Sills, 82 F.3d at 113-114 (noting that unlike a lien, "a levy operates as a seizure by the IRS"); Myers v. United States, 647 F.2d 591, 601 (5th Cir. 1981) (under Section 6331(a), "the United States is authorized to collect delinquent

---

[8]Section 6331(a) of the Internal Revenue Code states as follows:

(a) Authority of Secretary.  If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax.

26 U.S.C. § 6331(a).

taxes by levy upon all property and rights to property on which there is a lien"); see also 26 U.S.C. § 6331 (giving the Secretary of the Treasury the authority to act on a lien by way of a levy).[9]

Generally, before the IRS may levy taxpayer property, the government must comply with certain notice provisions in the statute. See 26 U.S.C. § 6331(d)(4)(A)-(F). There is no allegation that the notice provisions under the statute were not followed in this case.

### 3.  **Certain Property Exempt from Levy**

Section 6334 of the Internal Revenue Code enumerates certain types of taxpayer property that are generally exempt from a Section 6331(a) levy, including unemployment benefits, books and tools of a trade, and fuel, provisions, furniture and personal effects. See 26 U.S.C. § 6334(a)(1)-(13). If property is not listed as exempt from levy under Section 6334(a) or any other federal law, the property is not exempt from levy under Section 6331. Id. at § 6334(c). Bank accounts, such as the type seized in the case before the Court, are not exempt from levy under Section 6334(a). See id.

### 4.  **Surrender of Property Subject to Levy**

26 U.S.C. § 6332 addresses the surrender of property subject to a levy. Section 6332(a) states that except as otherwise provided by Section 6332, "any person in possession of (or obligated with respect to) property ... subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights ... to the Secretary". Id. § 6332(a). If a custodian of property does not surrender the property subject to levy, the custodian "shall be liable in his own person and estate to the United States in a sum equal to the value of

---

[9]The term "levy" as used in Section 6331(a) "includes the power of distraint and seizure by any means ... In any case in which the Secretary may levy upon property or rights to property, he may seize and sell such property or rights to property (whether real or personal, tangible or intangible)." 26 U.S.C. § 6331(b); see also Myers, 647 F.2d at 601.

the property or rights not so surrendered." Id. at § 6332(d)(1).[10] With regard to the surrender of property, Section 6332(c) sets forth a special rule for banks. The section states that "[a]ny bank (as defined in section 408(n))[11] shall surrender (subject to an attachment or execution under judicial process) any deposits (including interest thereon) in such bank only after 21 days after service of levy." Id. at § 6332(c).

The Supreme Court has held as follows with respect to surrender of property when a bank is served with an IRS notice of levy:

> The courts uniformly have held that a bank served with an IRS notice of levy has only two defenses for a failure to comply with the demand. One defense is that the bank, in the words of § 6332(a), is neither in possession of nor obligated with respect to property or rights to property belonging to the delinquent taxpayer. The other defense, again with reference to § 6332(a), is that the taxpayer's property is subject to a prior judicial attachment or execution.

United States v. Nat'l Bank of Commerce, 472 U.S. 713, 722 (1985) (internal quotations and citations omitted); see also United States v. First Nat. Bank of Bellaire, 1983 WL 1666, at *1 (S.D. Tex. Aug. 12, 1983) ("There are only two defenses possible for a failure or refusal to surrender property belonging to a taxpayer upon which a notice of levy has been served: 1) that

---

[10]Section 6332(d)(2) states that if "[i]n addition to the personal liability imposed by [Section 6332(d)(1)], if any person required to surrender property or rights to property fails or refuses to surrender such property or rights to property without reasonable cause, such person shall be liable for a penalty equal to 50 percent of the amount recoverable under [Section 6332(d)(1)]." Id. at § 6332(d)(2).

[11]It is undisputed that American Bank is a "bank" under 26 U.S.C. § 408(n), which includes any bank as defined by 26 U.S.C. § 581. Section 581 defines a "bank" as "a bank or trust company incorporated and doing business under the laws of the United States ... or of any State, a substantial part of the business of which consists of receiving deposits and making loans and discounts, or of exercising fiduciary powers similar to those permitted to national banks under authority of the Comptroller of the Currency, and which is subject by law to supervision and examination by State or Federal authority having supervision over banking institutions." 26 U.S.C. § 581.

the defendant is not in possession of the taxpayer's property, and 2) that the taxpayer's property is subject to a prior judicial attachment.").

### 5. Immunity From Liability

A person who complies with an administrative levy by surrendering property to the government pursuant to Section 6332(a) is "discharged from *any obligation or liability to the delinquent taxpayer* and any other person with respect to such property or rights to property arising from such surrender or payment." 26 U.S.C. § 6332(e) (emphasis added); see also Kish v. Rogers, 2006 WL 3254477, at *4 (S.D. Tex. Nov. 8, 2006) ("A party that complies with the IRS's notice of levy is immunized from liability to the taxpayer for delivering that taxpayer's property to the IRS."); Taylor v. United State Internal Revenue Serv., 192 F.R.D. 223, 225 (S.D. Tex. 1999) (same); Melton v. Teachers Ins. & Annuity Ass'n of Am., 114 F.3d 557, 561 (5th Cir. 1997) (holding that because the defendant "complied with the levy issued by the IRS under §§ 6331 and 6332, it is immune from liability to [plaintiff] for complying with the levy."); Orr v. Manufacturers Life Ins. Co. of N. Am., 1998 WL 614651, at *1 (N.D. Tex. Sept. 8, 1998) ("Because the obligation to comply with a levy is nearly absolute and the penalties for failing to do so are so harsh, federal law grants immunity to a person who surrenders another's property that is subject to levy."); Tinsley v. C.I.R., 958 F.Supp. 277, 280 (N.D. Tex. 1997) ("a person to whom a levy has been directed by the IRS is immune from liability for complying with the levy."). Arguments regarding the validity of the IRS levy do not affect the Defendants' immunity pursuant to 26 U.S.C. § 6332(e). See Kish, 2006 WL 3254477 at *4 ("arguments about the validity of the notice of levy do not affect the defendants' immunity.").[12]

---

[12]The Court notes that Plaintiffs make various arguments regarding the validity of the IRS levy, all of which have no merit. For example, Plaintiffs claim that Defendants turned over Plaintiffs' funds in violation of 28 U.S.C. § 3201, because there was no court order authorizing

### 6.   **Defendants Properly Complied With the Levy Procedure and are Immune From Plaintiffs' Claims**

Based on the undisputed facts in this case, Defendants properly complied with the administrative levy procedure set forth in the Internal Revenue Code, and Defendants are immune to Plaintiffs' claims pursuant to 26 U.S.C. § 6332(e)

First, it is undisputed that Plaintiffs owed outstanding federal income taxes for tax years 1996-1999. (Notice of Levy). Plaintiffs maintain that they are not liable for such taxes, under a variety of theories regarding the validity of the federal income tax. (Complaint, pp. 8-12).[13]

---

the transfer of funds. 28 U.S.C. § 3201 addresses "Judgment Liens," and Section 3201(a) states that "[a] judgment in a civil action shall create a lien on all real property of a judgment debtor on filing a certified copy of the abstract of the judgment in the manner in which a notice of tax lien would be filed under paragraphs (1) and (2) of section 6323(f) of the Internal Revenue Code of 1986." Section 3201 is not applicable to the instant case, because the lien in question is not a judgment lien but rather a tax lien. There is no requirement for a court order in order to establish tax lien under 26 U.S.C. § 6321. Rather, "[i]f an individual fails to meet his tax obligations after demand, a lien <u>automatically</u> arises on all of his property and rights to property." <u>Jefferson-Pilot Life Ins. Co.</u>, 49 F.3d at 1021 (emphasis added). Further, in this case a levy was assessed against the Plaintiffs' property (the bank accounts) pursuant to 26 U.S.C. § 6331(a). Except in certain circumstances that are not applicable here (such as when the levy is assessed against a taxpayer's principal residence), there is no need for a court order for a levy under Section 6331(a). <u>See</u>, e.g., <u>Celauro v. United States Internal Revenue Serv.</u>, 411 F.Supp.2d 257, 266 (E.D.N.Y. 2006) (emphasis added) ("26 U.S.C. § 6331 is clear on its face that the IRS is statutorily permitted ***without a court order*** to collect delinquent taxes from taxpayers by placing a 'levy upon all property and rights to property,'"); <u>First Nat. Bank of Bellaire</u>, 1983 WL 1666 at *1 ("effectiveness of the notice of levy and seizure under § 6332 does not depend on a prior judicial determination of the taxpayer's liability to the Government for unpaid taxes."). Plaintiffs also argue that the IRS only sent a "Notice of Levy" to the Defendants, and that a "[a] mere notice of intent to levy" was not adequate "for the seizure of funds by the IRS". (Complaint, p. 5). This argument is nonsensical. The IRS sent out a "Notice of Levy" regarding the actual levy placed on Plaintiffs' property. It is not a notice of <u>intent</u> to levy, but rather notice of the levy itself. The documentation makes it clear that the IRS has actually levied Plaintiffs' property. <u>See</u> Notice of Levy (identifying "this levy" and informing Plaintiff that the IRS "will send other levies if we don't get enough with this one.").

[13] As noted above, Plaintiffs claim that they do not have to pay federal income taxes, based on Plaintiffs' reading of various court cases and the United States Constitution. (Complaint, pp. 8-12; Response, p. 1). Specifically, Plaintiffs argue that federal income taxes only have to be paid by employees of the federal government, and that the Sixteenth Amendment

Regardless of the reasons for Plaintiffs' actions, Plaintiffs owed outstanding income tax obligations to the federal government. (Notice of Levy). Because of these outstanding obligations, a lien automatically arose on all of Plaintiffs' property and rights to property, pursuant to 26 U.S.C. § 6321. See Jefferson-Pilot Life Ins. Co., 49 F.3d at 1021. This property included Plaintiffs' bank accounts at the American Bank. See Am. Trust, 142 F.3d at 922 (citing United States v. Nat'l Bank of Commerce, 472 U.S. at 719-20). In order to collect on the tax deficiency, the government issued a levy on Plaintiffs' property and rights to property, pursuant to 26 U.S.C. § 6331(a). (Notice of Levy). No court order was necessary for such an administrative levy to satisfy Plaintiffs' outstanding tax obligations. See Celauro, 411 F.Supp.2d at 266. American Bank was served with the levy, froze the appropriate accounts for the 21 day waiting period, and then surrendered the property in accordance with 26 U.S.C. § 6332(a). (November and December American Bank Letters). There is no contention that American Bank was not in possession of the funds, or that the funds were subject to a prior judicial attachment. Accordingly, American Bank had no option but to comply with the levy and surrender the funds to the government. See Nat'l Bank of Commerce, 472 U.S. at 722 (holding that the only two possible defenses for failure to surrender property upon receipt of a notice of levy are (1) that the defendant is not in possession of the taxpayer's property; and (2) that the taxpayer's property is subject to a prior judicial attachment.). Had American Bank not surrendered the property in

---

to the United States Constitution does not authorize a direct, non-apportioned income tax – therefore exempting persons such as Plaintiffs from paying income tax as a matter of law. (Id.). The IRS and several courts have addressed and rejected these arguments on numerous occasions, and the constitutionality of the federal tax laws has been repeatedly upheld. See, e.g., Stites v. United States Gov't, 746 F.2d 1085, 1086 (5th Cir. 1984) ("The courts have time and again rejected taxpayer attacks on the constitutionality of the income tax laws."). Plaintiffs are subject to federal income taxes, and their arguments regarding the federal tax laws do not form a basis for their claims in this case.

question, American Bank would have become personally liable to the government for the value of the property that should have been surrendered.  See 26 U.S.C. § 6332(d)(1).

All of Plaintiffs' claims against Defendants stem from Defendants' compliance with the IRS levy and surrender of the funds in Plaintiffs' bank accounts.  (Complaint, pp. 1-15). Pursuant to 26 U.S.C. § 6332(e), Defendants are immune from liability to Plaintiffs in connection with Defendants' compliance with the IRS levy.  See Tinsley, 958 F.Supp. at 280 (holding that the defendant "had a legal duty to comply with the IRS' levy and is immune from liability in complying with the levy."); Burroughs v. Wallingford, 780 F.2d 502, 503 (5th Cir. 1986) ("[Defendants] in this case are guilty of nothing more than complying with two IRS levies issued by authority of sections 6331 and 6332(a) of the Internal Revenue Code.  They are immune from liability to appellants for complying with the levies.").  Because Defendants are immune to Plaintiffs' claims pursuant to Section 6332(e), Defendants are entitled to summary judgment on all of Plaintiffs' causes of action.[14]

---

[14]The Court notes that Plaintiffs appear to intend to bring the following claims against Defendants:  claims for violations of 18 U.S.C. §§ 242 and 1344, claims under 42 U.S.C. §§ 1982 and 1983, and a claim for breach of fiduciary duty.  As noted above, because all of these claims pertain to Defendants' compliance with the IRS levy, Defendants are immune from Plaintiffs' claims under 26 U.S.C. § 6332(e).  However, even if Defendants were not immune under the Internal Revenue Code, Plaintiffs' claims would still have to be dismissed. Specifically, 18 U.S.C. §§ 1344 and 242 are criminal statutes without private rights of action, and it is well-settled that Plaintiffs cannot bring claims against Defendants under these statutes. See Rector v. Approved Fed. Sav. Bank, 265 F.3d 248, 249 (4th Cir. 2001) ("no private right os action exist[s] for bank fraud under 18 U.S.C. § 1344"); Franklin v. Henderson, 15 Fed.Appx. 205, 207, 2001 WL 861697, at *1 (6th Cir. June 20, 2001) (holding that 18 U.S.C. § 242 "does not give rise to a civil action for damages, and [plaintiff] has no authority to initiate federal criminal prosecutions").  With respect to Plaintiffs' claim under 42 U.S.C. § 1982, this statute bars all racial discrimination, private and public, in the sale or rental of property.  See 42 U.S.C. § 1982; Jones v. Alfred H. Mayer Co., 392 U.S. 409, 421-22 (1968).  Plaintiffs have not made any allegations regarding racial discrimination in the purchase or rental of property. Accordingly, even taking Plaintiffs' allegations as true, they have not stated a claim for relief under Section 1982.  With regard to 42 U.S.C. § 1983, Plaintiffs have brought their claims against private, not state, actors.  Liability under Section 1983 requires that Defendants were

V.     **Conclusion**

For the reasons set forth above, Defendants' motion for summary judgment is GRANTED, and all of Plaintiffs' claims against Defendants are hereby DISMISSED. This case is hereby DISMISSED in its entirety.

SIGNED and ORDERED this 11th day of April, 2008.

_____
Janis Graham Jack
United States District Judge

---

acting under color of state law. See 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988). Defendants in this case were private actors who were following the law, not acting under color of state law, and Plaintiffs cannot bring a Section 1983 claim under the facts as alleged in their Complaint. See, e.g., Voelz v. United States, 1994 WL 780692, at *1 (S.D. Miss. Dec. 19, 1994) ("In merely surrendering the plaintiff's wages in compliance with the government's levy, [plaintiff's employer] was in no way a state actor, and thus cannot be subjected to liability for any violation of plaintiff's constitutional rights."). Finally, Plaintiffs claim that Defendants breached their fiduciary duty to Plaintiffs by surrendering the funds after Plaintiffs disputed the levy's validity. As stated above, Defendants had no choice tlinebut to comply with the tax levy, and Plaintiffs' allegations regarding the levy's validity did not constitute a valid defense to compliance. See 26 U.S.C. §§ 6332(c); Nat'l Bank of Commerce, 472 U.S. at 722. Accordingly, Plaintiffs cannot bring a breach of fiduciary claim against Defendants in this case. See id.